IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PHILLIP C. SCHELHAUS | * | |
| | * | |
| | * | |
| v. | * | Case No.: 1:09-cv-1145 |
| | * | |
| | * | |
| SEARS HOLDING CORPORATION, et. al., | * | |
| | * | |
| | * | |
| | ***** | |

MEMORANDUM

Phillip C. Schelhaus ("Plaintiff") filed a complaint in this Court on May 4, 2009 against Sears Holdings Corporation and Sears, Roebuck and Co. ("Sears"), and HireRight Solutions, Inc. ("HireRight") as a result of damages allegedly suffered after Plaintiff was fired by Sears, and after HireRight communicated the grounds for the termination to Plaintiff's prospective employer, Ritz Camera. In his complaint against Sears, Plaintiff asserts claims for defamation, false imprisonment, and a violation of the Fair Credit Reporting Act. In his complaint against HireRight, Plaintiff asserts claims for defamation, negligence or false light, and violations of the Fair Credit Reporting Act. Now pending before the Court are Sears' and HireRights' Motions to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, the Motions to Dismiss will be granted in part and denied in part.

## Statement of Facts[1]

Plaintiff was a salesman in a Sears department store in Glen Burnie, Maryland from 2002 to November 24, 2007. ("Pl.'s Sec. Amd. Complaint ("Pl.'s Compl.")" at ¶10-11.) On November 24, 2007, Plaintiff was instructed to accompany members of Sears' security personnel to a room where he was questioned about violations of a sales program. (*Id.* at ¶11.) At the conclusion of the questioning, Plaintiff provided the security personnel with a written statement in which he explained that he had given a discount to a customer, had given away a power cord to an appliance, and had taken other unspecified actions in attempt to garner certain benefits under an employee sales program, but denied any further wrongdoing. (*Id.* at ¶12.) Plaintiff contends that his supervisors knew about and approved of his conduct. After completing this statement, Plaintiff's employment with Sears was terminated. (*Id.* at ¶33.)

Plaintiff was then hired for a sales position at a Ritz Camera store. (*Id.* at ¶13.) In connection with his hiring, Ritz Camera conducted an employment background check on Plaintiff by contacting HireRight for information. (*Id.*) Sears had previously sent a report to HireRight indicating the reasons for Plaintiff's dismissal. (*Id.* at ¶14.) HireRight informed Ritz that Plaintiff had been terminated from his previous position at Sears for committing "award fraud," and subsequently damaging that company in the amount of $1,510. (*Id.*) On May 5, 2008, after receiving this information, Ritz notified Plaintiff that his employment was terminated because he had previously committed fraud. (*Id.*)

---

[1] *See* Plaintiff's Second Amended Complaint ("Pl.'s Complaint"); *see also Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (in evaluating a motion to dismiss under 12(b)(6) a court should consider those facts that are properly pled in Plaintiff's complaint.)

2

On June 16, 2008, Plaintiff filed a complaint with HireRight, pursuant to its company policy, challenging the veracity of his employment history report. (*Id*. at ¶17.) Plaintiff contends that HireRight had no supporting information and took no steps to ensure that Sears' report of award fraud was accurate before passing information to Ritz Camera. (*Id*. at ¶78.) HireRight requested that Sears provide all information supporting Plaintiff's termination for award fraud. (*Id.* at ¶18.) In response, Sears provided HireRight with the handwritten statement Plaintiff provided to Sears security personnel on November 24, 2007. (*Id.*) On August, 8, 2008, HireRight informed Plaintiff that it had deleted all information that had not been verified. (*Id.* at ¶22.) Plaintiff later discovered that his employment history report remained unaltered, and subsequently commenced this action. (*Id.* at ¶ 23-24.)

## Standard of Review

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but it demands more than an unadorned accusation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading that offers no more than "a formulaic recitation of the elements of a cause of action" is insufficient. To overcome a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient facts to "state a claim for relief that is plausible on its face." *Id*. at 570. Therefore, the facts pled must permit the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks and alterations omitted). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe facts and reasonable inferences in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, the court is not required to accept unsupported legal allegations. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Nor can a plaintiff avoid a motion to dismiss where the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). In evaluating a motion to dismiss, this Court may consider "the complaint itself and any documents that are attached to it." *Trimble Navigation Ltd.,* 484 F.3d at 705. The Court may also consider a document the defendant has attached to its motion to dismiss as long as it is integral to the complaint and authentic. *Id*. at 706.

Plaintiff has asserted separate claims against Sears and HireRight. Both Defendants have filed motions to dismiss under Fed. R. Civ. P. 12(b)(6). I will consider each of the Defendants' motions in turn.

**A.  Sears' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim**

Plaintiff claims that Sears is liable for defamation, false imprisonment, and violations of the Fair Credit Reporting Act for actions taken relative to terminating Plaintiffs employment on November 24, 2007.

Plaintiff's defamation complaint survives Sears' motion to dismiss.  Sears does not challenge the factual sufficiency of Plaintiff's defamation complaint, but instead argues only that the complaint is barred by the statute of limitations.  (Mem. in Supp. of Sears' Mot. to Dismiss ("Sears' Mem.") at 4.)  Under Maryland Rule § 5-105 a complaint for defamation must be filed within one year of when the cause of action "accrues."  Plaintiff filed his complaint on May 4, 2009.  Ritz Camera fired Plaintiff on May 5, 2008 after receiving HireRight's report of award fraud.  Sears contends that because Ritz Camera was already in possession of the report prior to Plaintiff's termination, the alleged defamatory act occurred more than a year before Plaintiff filed his complaint.  (*Id.* at 4-5.)  Sears is correct that "historically, the general rule in Maryland was that a cause of action accrued on the date the wrong was committed." *Hecht, et al. v. Resolution Trust Corporation*, 635 A.2d 394, 399 (Md. 1994).  However, Maryland has supplanted this construction with the "discovery rule, which now applies generally to all civil actions."  *Id.*  The rule provides that a cause of action accrues when a plaintiff in fact knows, or reasonably should know, of the wrong.  *Id.*  In *Sears, Roebuck and Co. v. Ulman*, 412 A.2d 1240 (1980), the Maryland Court of Appeals concluded that a defamation cause of action did not accrue when the defendant first made wrongful statements to a credit reporting agency, but instead accrued when the plaintiff was denied a credit account on the basis of those statements.  According to the Court, prior to the denial of a credit account, the plaintiff did not know and reasonably should not have known that the defendant had made the statements.  In the instant case, Plaintiff could not reasonably have known that Sears had reported that he was fired for

"award fraud" until he was informed of the fact when he was terminated from Ritz Camera on May 5, 2008. Therefore, Plaintiff's cause of action did not accrue until May 5, 2008. When Plaintiff filed his complaint on May 4, 2009, he filed one day prior to the expiration of the one year statute of limitations under Maryland Rule § 5-105.

While Plaintiff's defamation claim against Sears survives, his claim for false imprisonment is properly dismissed pursuant to Rule 12(b)(6) for failing to allege sufficient facts to permit this Court to draw a reasonable inference that the defendant committed false imprisonment. In Maryland, the elements of false imprisonment are: "1) the depravation of the liberty of another; 2) without cause; and 3) without legal justification." *Carter v. Aramark Sports and Entertainment*, 835 A.2d 262, 284 (Md. 2003). Plaintiff has not pled facts to raise a plausible showing that he was deprived of liberty. In his complaint, Plaintiff states that he was instructed to accompany security personnel to a room, and "was not permitted to leave."[2] (Pl.'s Compl. at 3.) Plaintiff has not alleged that a Sears employee threatened him or restrained him in any way. Nowhere does Plaintiff explain why he was unable to get up and walk out of the room. At most, an inference may be drawn that Plaintiff's employment would have been terminated had he left the room. However, the Maryland Court of Appeals has made clear that "voluntary consent to confinement nullifies a claim of false imprisonment, and that consent is not invalidated even if an employee is threatened with discharge." *Carter*, 835 A.2d at 285 (internal citations omitted). It is not enough for Plaintiff to plead that he was told he could not leave. Ultimately, an inference of the "mere possibility of misconduct" is insufficient to set forth a

---

[2] While not included in his complaint, Plaintiff states in his opposition to Sears' motion that "the door was closed" and a Sears employee "stood between him and the door restraining him from leaving the room." (Mem. in Opp. to Sears' Mot. to Dismiss ("Pl.'s Mem.") at 8.) Even if these facts were included in the complaint, they would not alter the conclusion above that Plaintiff has failed to plead sufficient facts to survive a motion under Rule 12(b)(6). Plaintiff still fails to plead why he could not walk around the Sears employee, open the door, and leave the room.

cause of action. *Iqbal*, 129 S.Ct. at 1950. Here, Plaintiff has not even reached this threshold, having pled no more than the legal elements of false imprisonment.

Finally, Plaintiff's claim that Sears violated the Fair Credit Reporting Act survives Sears' Motion to Dismiss. The FCRA imposes investigation obligations on those who learn that information they have furnished to credit reporting agencies is inaccurate. *See* 15 U.S.C. § 1681s-(b). In support of its allegation, Plaintiff alleges that Sears failed to conduct an investigation into the veracity of the conclusion that Plaintiff committed award fraud, failed to provide HireRight with information supporting its report, and then failed to amend its initial report of award fraud. (Pl.'s Compl. at 17.) In support of its motion, Sears does not attack the factual sufficiency of Plaintiff's pleading, but instead focuses on Plaintiff's written statement, arguing that "Plaintiff simply cannot establish that Sears failed to fulfill its reinvestigation obligations under the FCRA, especially when Plaintiff's own words in his own statement are the best evidence of what occurred." (Sears' Reply to Pl.'s Mem. ("Sears' Reply") at 5.) Sears contends that Plaintiff's "admission" precludes him from establishing that Sears failed to comply with the reinvestigation requirements under the FCRA.[3]

However, Plaintiff's statement does not preclude plaintiff from raising a plausible FCRA claim because the statement alone is not conclusive. At points Plaintiff appears to admit wrongdoing, but at others he indicates he acted with managerial knowledge and supervision. Furthermore, this court does not have before it the details of Sears' policies or the specifics of the sales program Plaintiff is accused of violating. Nor has Sears offered its definition of award fraud. Even if such information were available, it would not be appropriate for this court to

---

[3] Because this admission was attached to Sears' motion to dismiss, and because it is reference and relied upon in Plaintiff's complaint, it is properly considered when evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

evaluate the merits of the dispute under Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion is to test only the sufficiency of a complaint. A Rule 12(b)(6) motion does not "resolve contests surrounding . . . the merits of a claim." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks and alterations omitted). Under a 12(b)(6) motion, this Court must accept all well pled facts from the Plaintiff as true. Despite what may be strong arguments on the merits from Sears, Plaintiff's complaint is plausible on its face.

### B. HireRight's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim

Plaintiff claims that HireRight is liable for defamation, negligence or false light, and violations of the Fair Credit Reporting Act for actions relevant to the receipt and dissemination of information regarding Plaintiff's employment history.

Plaintiff's defamation, negligence, and false light claims must be dismissed because Plaintiff has failed to allege sufficient facts to permit this Court to draw a reasonable inference that HireRight is liable and Plaintiff is entitled to relief. Plaintiff's common law claims are preempted by Section 1681h(e) of the FCRA, which provides: "no consumer may bring an action or proceeding in the nature of defamation. . . or negligence with respect to the reporting of information against any consumer reporting agency . . . except as to false information furnished with malice, or willful intent to injure."[4] 15 U.S.C. § 1681h(e). Plaintiff has not pled sufficient facts to show that HireRight acted with malice or willful intent to injure. To show malice, the

---

[4] Section 1681h(e) states that claims of negligence are preempted, but does not specifically address the tort of false light. However, even if Section 1681(h)(e) does not preempt the tort of false light, Maryland law provides for liability for the tort of false light only where the defendant "had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Bagwell v. Peninsula Reg'l Med. Ctr.*, 665 A.2d 297, 318 (Md. Ct. Spec. App. 1995) (quoting Restatement (Second) of Torts § 652E (1977)). Therefore, the requisite intent under the FCRA comports with Maryland law.

8

Plaintiff needed to plead that HireRight acted with reckless disregard for the truth or falsity of the report, which requires a showing that HireRight either made the statement with a high degree of awareness of probable falsity or had serious doubts as to its veracity. *See Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp. 2d 582, 598 (D. Md. 1999). Here, HireRight had no information undermining the accuracy of its report until after it had forwarded the information to Ritz Camera. (HireRight's Mem. in Supp. of Moj. To Dimiss ("HireRight's Mem.") at 9.) While Plaintiff makes the conclusory averment that HireRight acted with "reckless disregard for the truth or falsity of the statement," Plaintiff's only allegation of fact underlying that averment is that HireRight possessed insufficient information to be confident in the veracity of the report. (Pl.'s Compl. at 10.) A showing of malice cannot be made by proving a lack of certainty; malice requires facts indicating serious doubts as to veracity. Ultimately, Plaintiff failed to plead facts sufficient to overcome the preemptive effective of the FCRA.

     Plaintiff's claim that HireRight violated Section 1681e(b) of the FCRA by failing to follow reasonable procedures to assure the "maximum possible accuracy of the information concerning the individual about whom the report relates" survives HireRight's motion to dismiss. (Pl.'s Compl. at ¶ 78); 16 U.S.C. § 1681e(b). A consumer reporting agency violates § 1681e(b) if (1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy. *See, e.g.*, *Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1333 (9th Cir. 1995); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *Stewart v. Credit Bureau, Inc.*, 734 F.2d 47, 51 (D.C. Cir. 1984). Plaintiff contends that HireRight failed to utilize reasonable procedures when it did not conduct an independent evaluation of Sears' report, possessed no supporting documentation at the time of its report to Ritz, and ultimately failed to review any

foundation for Sears' report of fraud. (Pl.'s Compl. at 13-14.) HireRight does not argue that its procedures were reasonable, but instead asserts that Plaintiff's own handwritten statement provided to Sears' Security personnel on November 24, 2007 confirms the accuracy of its report to Ritz, and therefore, there can be no violation of § 16813(b). As discussed in the evaluation of Sears' Motion to Dismiss, Plaintiff's statement is not conclusive evidence of wrongdoing and does not eliminate the plausibility of Plaintiff's claim. More information is needed to assess the accuracy of HireRight's report. Neither defendant has provided a definition of "award fraud." Nor have they indicated how Plaintiff's conduct amounted to a violation of company policy and fraud. Ultimately, Plaintiff has pled facts sufficient to allege a plausible violation of § 1681e(b).

Plaintiff also alleges that HireRight violated §§ 1681i and 1681s-2 by failing to "conduct a reasonable investigation to determine whether the disputed information [was] inaccurate." 15 U.S.C. § 1681i. Plaintiff contends that HireRight simply "accepted without review, the continuing unfounded assertion by Sears" that Plaintiff had committed award fraud. (Pl.'s Compl. at 16.) According to Plaintiff, after completing its reinvestigation, "the only support that Sears provided to HireRight as foundation for the description of award fraud was the original handwritten statement . . . that Schelhaus gave to the Sears security team." (*Id.* at 17.) Again, HireRight does not argue that it conducted a reasonable investigation, but instead points to Plaintiff's statement to demonstrate "the accuracy of HireRight's report . . . [and subsequently that the] . . . reinvestigation was reasonable." (HireRight's Mem. at 13.) For the reasons set forth above, Plaintiff's statement alone does not preclude him from challenging the accuracy of HireRight's report of award fraud and subsequently raising a plausible violation of the FCRA's reinvestigation requirements.

For the foregoing reasons, Defendants' Motions to Dismiss are granted in part and denied in part. Plaintiff's claim against Sears for false imprisonment is dismissed. Plaintiff's claims against HireRight for Defamation, and Negligence or False Light are dismissed. With respect to the remaining counts of Plaintiff's complaint, Defendants' Motions to Dismiss are denied. A separate order to that effect is being entered herewith.


DATE:  12/3/2009            __/s/_____
                            J. Frederick Motz
                            United States District Judge